```
____FILED   ____ENTERED
____LODGED  ____RECEIVED

    OCT 30 2006        DJ
            AT SEATTLE
    CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                       DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TEAMSTERS LOCAL UNION NO. 174,

Plaintiff,

v.

CITY TRANSFER, INC.

Defendant.

NO. **CV6 1563 L**

PLAINTIFF'S COMPLAINT FOR DAMAGES



06-CV-01563-CMP

Plaintiff, by way of complaint, alleges as follows:

## I.  PARTIES, JURISDICTION AND VENUE

1.1   Plaintiff, Teamsters Local Union No. 174 ("Local 174" or "Union") is a labor organization with its principal place of business in King County, Washington.

1.2   Defendant City Transfer, Inc. ("CTI" or "Company") is a corporation doing business in King County, Washington. CTI is a corporation engaged in an industry affecting commerce as defined by the Labor Management Relations Act.

PLAINTIFF'S COMPLAINT FOR DAMAGES - 1

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

1.3   This Court has jurisdiction of this matter pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

1.4   Venue is proper in this Court because the matters giving rise to this complaint occurred within this judicial district.

## II.   FACTUAL ALLEGATIONS

2.1   Local 174 is the exclusive collective bargaining representative for a group of CTI employees.

2.2   CTI and Local 174 are parties to a collective bargaining agreement covering these employees ("the CBA" or "the Agreement"). This agreement is currently effective and will, under its terms, continue in force and effect through February 28, 2010.

2.3   Sections 23.01 and 23.06 of the CBA requires CTI to assemble and post a "dispatch order" which lists all Union-represented drivers in seniority order based on "latest date of hire/rehire." Section 23.06

2.4   Section 23.01 requires CTI generally to dispatch drivers in the order of the dispatch list, unless certain exceptional circumstances, spelled out in Sections 23.02 and 23.08, exist.

2.5   The CBA was ratified by the bargaining unit on August 9, 2006. It was signed by CTI's owner, Keith Benson, on or about September 27, 2006, and by the Union's Secretary-Treasurer, Dan Scott, on or about October 3, 2006. CTI's obligation to assemble and post a proper dispatch order and to thereafter dispatch drivers in the order set forth therein became effective no later than the last of these three dates.

PLAINTIFF'S COMPLAINT FOR DAMAGES - 2



LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

2.6   Since August 9, 2006, CTI has failed and refused to comply with the provisions of Section 23 of the CBA set forth above.

### III.  CAUSE OF ACTION:
### BREACH OF COLLECTIVE BARGAINING AGREEMENT
### 29 U.S.C. § 185

3.1   Plaintiff realleges paragraphs 1.1 through 2.6 as though fully set forth herein.

3.2   Defendant's failure and refusal to comply with the provisions of Section 23 of the CBA, as set forth above, constitutes a violation of the parties' collective bargaining agreement.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.   Damages, in the amounts set forth in the contract, for the violations of the contract; and

2.   Such other and further relief as the Court deems just and equitable.

DATED this 27th day of October, 2006.

Dmitri Iglitzin
WSBA # 17673
SCHWERIN CAMPBELL BARNARD, LLP
18 West Mercer Street, Suite 400
Seattle, WA 98119-3971
(206) 285-2828
(206) 378-4132
E-mail: iglitzin@workerlaw.com

Counsel for Teamsters Local 174

PLAINTIFF'S COMPLAINT FOR DAMAGES - 3

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828