UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TEAMSTERS LOCAL UNION NO. 174,

Plaintiff,

vs.

CITY TRANSFER, INC.,

Defendant.

No. CV06-1563RSL

ORDER GRANTING MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on defendant City Transfer, Inc's "Motion to Dismiss Or, Alternatively, To Stay Litigation" (Dkt. #2). On October 30, 2006 plaintiff filed suit alleging that defendant breached the parties' collective bargaining agreement (the "Labor Agreement"). See Declaration of Keith Benson (Dkt. #3) ("Benson Decl."), Ex. A. Defendant now moves to dismiss plaintiff's claims on the ground that the dispute at issue is covered by the Labor Agreement's arbitration provisions.

## II. DISCUSSION

Defendant is an excavator and supplier of building materials that employs a number of truck drivers, all of whom are represented by plaintiff, the International Brotherhood of Teamsters Local 174. The current dispute arises out of Section 23 of the Labor Agreement which sets forth the agreed-upon procedures of how defendant is to dispatch drivers. Generally, priority is to be given to more senior drivers, though particular drivers may be bypassed by the

ORDER GRANTING MOTION TO DISMISS -1

defendant for reasons specifically identified in the Labor Agreement. Section 18 of the Labor Agreement sets forth the procedure for the settlement of disputes, including the use of mandatory arbitration.

On October 23, 2006, plaintiff filed a grievance on behalf of its members employed by defendant. The grievance alleged that defendant failed to dispatch drivers according to the procedures laid out in Section 23. Both parties then proceeded to exchange information and meet in accordance with the procedures described in Section 18 of the Labor Agreement. Benson Decl., Exs. B-D. In the midst of these discussions, prior to the commencement of any arbitration, plaintiff also filed the present lawsuit. Plaintiff maintains that the current dispute is not subject to the mandatory arbitration provisions contained in the Labor Agreement, because these provisions apply only to disputes arising on the job, such as disputes over rest and meal breaks, working conditions, or assignment of particular work tasks. This argument flows from what plaintiff describes as the limiting language contained in Section 18.02:

> 18.02 In the event a dispute *arising on the job* cannot be satisfactorily adjusted on the job by the employee, the employee and/or Union representative shall, within fifteen working days, bring the matter to the attention of the Company's authorized representative.

Benson Decl., Ex. A. (emphasis added).

It is a long standing principle of labor law that there is a strong preference for arbitration in labor disputes:

> [W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.

AT&T Technologies, Inc. v. Commc'ns Workers of America, 475 U.S. 643, 650 (1986) (quoting Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960)). The party challenging the applicability of an arbitration provision "bears the burden of demonstrating how the language in the collective bargaining agreement excludes a particular dispute from arbitration." Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752, Int'l Bhd. of

ORDER GRANTING MOTION TO DISMISS -2

Teamsters, 989 F.2d 1077, 1080 (9th Cir. 1993).  The Supreme Court has held that "[i]n the absence of any express provision excluding a particular grievance from arbitration ... only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail."  Warrior & Gulf, 363 U.S. at 584-85.  The Labor Agreement contains no express provision excluding grievances related to Section 23 from arbitration.  Because plaintiff has also not presented "forceful evidence of a purpose to exclude the claim from arbitration," the Court concludes that plaintiff's claim must be dismissed because plaintiff has failed to exhaust non-judicial remedies. See Inlandboatmens Union of the Pacific v. Dutra Group, 279 F.3d 1075 (9th Cir. 2002) (upholding dismissal under Rule 12(b) where plaintiff failed to exhaust arbitration mechanisms required under the collective bargaining agreement).

Plaintiff's primary argument is that the arbitration procedures contained in Section 18 are limited to disputes "arising on the job."  Assuming that plaintiff is correct that the arbitration provisions are so limited,[1] plaintiff's assertion that disputes over dispatch procedures should not be considered to have arisen on the job is questionable.  Disputes about what driver is entitled to be dispatched to a particular assignment directly relates to the job of both the driver assigned to the job and the driver who plaintiff maintains should have been assigned to the job.  Further, the dispute directly relates to work performed at a particular job site.  At the very least, the applicability of Section 18's arbitration provisions to such disputes is unclear.  When presented with such ambiguity, "[d]oubts should be resolved in favor of coverage" of the arbitration provisions.[2]  Warrior & Gulf, 363 U.S. at 584-85.

---

[1] Reading Section 18 as a whole, the Court is not convinced that the arbitration procedures are necessarily limited to disputes "arising on the job."  The Court need not reach this question, however, because even assuming that plaintiff's interpretation of Section 18 is correct, the Labor Agreement is still ambiguous as to the application of the mandatory arbitration provisions to Section 23.

[2] The cases cited by plaintiff are distinguishable.  In both McNally Tunneling Corp. v. Laborers Local 440, No. C97-1087R (W.D. Wash. Dec. 4, 1997) and Board of Trustees of Boilermakers Lodge No. 154 Combined Funds v. Thermal Coating Services, No. Civ.A. 05-1217, 2006 WL 1453051 (W.D. Pa. May 22, 2006), the court concluded that the dispute at issue did not arise "on the job."  Here, the Court concludes that the question of whether the current dispute arose "on the job" is much less

ORDER GRANTING MOTION TO DISMISS -3

The Court is also not persuaded by plaintiff's argument that the explicit reference to the use of Section 18's dispute resolution provisions in Sections 16, 17, and 9.06 indicates that the arbitration requirements of the Labor Agreement should be narrowly interpreted to exclude disputes over dispatch procedures.  Plaintiff contends that the inclusion of such references in these sections, all of which involve disputes "which might not necessarily 'aris[e] on the job'" indicates that the parties understood that absent such specific mention of Section 18's arbitration procedures, "disputes such as these would not necessarily be subject to the grievance and arbitration process set forth therein."  Response at p. 8.  Plaintiff's reading stretches the language too far.  It is entirely possible that Section 23 does not make reference to the applicability of Section 18's arbitration provisions simply because it was apparent to the parties at the time that disputes over dispatch procedures would arise "on the job."  The language of other sections undermines plaintiff's argument as well.  Section 4.08, for instance, also provides that "[p]roblems involving lunch shall be processed through the Settlement of Disputes provisions."  Surely disputes over lunch would arise "on the job," yet the parties included the language referencing Section 18 regardless.  Though plaintiff's arguments are not completely without merit, they do not provide "forceful evidence of a purpose to exclude the claim from arbitration."  Warrior & Gulf, 363 U.S. at 584-85.  At best, they demonstrate that the application of Section 18's arbitration procedures to disputes arising out of Section 23 is ambiguous.  As such, plaintiff's claim must be dismissed.

---

apparent.  In such situations, ambiguity favors arbitration.

ORDER GRANTING MOTION TO DISMISS -4

## III. CONCLUSION

For all the foregoing reasons, defendant's motion to dismiss is GRANTED (Dkt. #2) for failure to exhaust contractual remedies under the Labor Agreement. The Clerk of the Court is directed to enter judgment against plaintiff and in favor of defendant.

DATED this 17th day of January, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS -5